UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
MICHAEL DAVIS,                                           :
                                                         :
                              Plaintiff,                 :
                                                         :        09 CV 9581 (HB)
                 - against -                             :
                                                         :        OPINION &
                                                         :        ORDER
COLUMBIA UNIVERSITY, JOHN DOE (1-12),                    :
and XYZ CORP.,                                           :
                                                         :
                              Defendants.                :
                                                         :
------------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

Plaintiff Michael Davis ("Plaintiff" or "Davis") brings suit against his former employer, Defendant Columbia University ("Defendant" or "Columbia") as well as certain unknown parties, "John Doe (1-12)" and "XYZ Corporation," alleging claims of age, race and disability discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1-2000e-17, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 ("ADA"), and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA").  Davis also asserts state common law claims of breach of the covenant of good faith and fair dealing, and intentional and negligent infliction of emotional distress.   Columbia moved to dismiss these claims as time-barred, for failure to state a claim, and because they are otherwise precluded by other remedies.  For the reasons that follow, Defendant's motion is GRANTED and the complaint is dismissed.


## I.    BACKGROUND

Davis was an employee for Columbia University from 1979 to 2008.  He originally was employed as a cleaner for the university, and in 1993 was transferred to a position as a security guard.  Davis was a member of a union while employed by Columbia, and subject to a collective bargaining agreement ("CBA").  In 2003, Plaintiff was approached by a former Columbia employee, Gregory Higgs, who asked Davis to testify as a witness in a suit against Columbia. Davis claims that once he was named as a potential witness, he was subjected to "harassment,

unnecessary disciplinary actions, termination and a hostile work environment," including threats of physical violence by a superior.  Compl.  ¶¶ 11-14.  Ultimately, Plaintiff claims that he was terminated on August 8, 2008 based on pretextual grounds "regarding renewal of his license." *Id.* ¶ 16.

Columbia contends that Davis was never discriminated against, and instead was fired due to his repeated failure to timely reapply for a valid state security guard license.  According to Defendant, Davis was required to keep a currently valid license pursuant to the New York State Security Guard Act, N.Y. GEN. BUS. LAW §§ 89-g, 89-m, and renew the license every two years on or before the 27th of December.  Def.'s Mem. of Law in Support of Mot. to Dismiss ("Def.'s Mem.") at 1-2.  Davis failed to renew his license in a timely fashion five consecutive times, from 1999 through 2007.  Columbia had to remove Davis from the work schedule each time he failed to timely renew the license; in 2005 the university suspended Plaintiff for five days without pay. *Id.*  After he failed to timely renew his license once again in December  2007, Defendant decided to terminate Davis and sent him a termination letter on January 8, 2008.  Hernandez Decl., Ex. B (Letter from Clifford A. Rotbert to Michael Davis).

On February 19, 2008, Davis filed an Unfair Labor Practice charge against Columbia with the National Labor Relations Board ("NLRB") that challenged his termination.  Hernandez Decl., Ex. D (February 19, 2008 NLRB Charge Against Employer and April 17, 2008 NLRB Decision Letter).  The NLRB deferred any decision on the charge in favor of arbitration pursuant to the CBA.  On August 18, 2008, the parties arbitrated Davis' termination, and on November 6, 2008, the arbitrator issued an opinion denying Plaintiff's grievance.  *See* Hernandez Decl. Ex. C (Arbitration Opinion and Award, November 6, 2008).  Subsequently, the NLRB reviewed the arbitration decision and decided to dismiss the NLRB charge; the dismissal was upheld on administrative appeal.  *Id.*, Ex. F, H.  On May 9 and August 22, 2008, Plaintiff submitted "intake questionnaires," and on December 11, 2008, he filed a Charge of Discrimination against Columbia with the EEOC, which alleged race, age, and disability discrimination, and retaliation. *See* Pl.'s Ex. B, C (EEOC intake questionnaires)[1]; Hernandez Decl., Ex. I (EEOC Charge of Discrimination).  On August 12, 2009, Plaintiff was issued a "Right to Sue Letter" from the EEOC.  Hernandez Decl., Ex. J.  Davis brought the present action on November 11, 2009.

---

[1] Defendant submitted a series of exhibits with a letter brief in opposition to Defendant's Motion to Dismiss.  None of these exhibits are properly marked, nor do they appear to have been properly filed via ECF on the docket.  For the sake of clarity, I will refer to them based on the exhibit letters identified by Plaintiff in the letter brief.

## II.   DISCUSSION

### A.  Standard of Review

To survive a motion to dismiss, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A facially plausible claim is one where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  Where the court finds well-pleaded factual allegations, it should assume their veracity and determine whether they "plausibly give rise to an entitlement to relief." *Id.* at 1950.  To decide the motion to dismiss, this court may consider "any written instrument attached to [the complaint] as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint," *Sira v. Morton,* 380 F.3d 57, 67 (2d Cir.2004) (internal citations omitted), as well as public documents, and may therefore properly consider certain relevant documents provided by Defendant, such as Davis' termination letter, the EEOC Charge of Discrimination, and the Right to Sue Letter.  *See also Betancourt v. City of New York HRA/DSS*, No. 07 Civ. 2165(DLC), 2007 WL 2948345, at *2 (S.D.N.Y. Oct. 9, 2007) (specifically considering termination letter and filings with the EEOC in granting motion to dismiss).

### B.  Davis' Discrimination and Retaliation Claims are Time-Barred

Defendant argues that Davis' discrimination and retaliation claims are time-barred because Plaintiff failed to bring his EEOC administrative action, as well as this law suit, within the relevant statutory time periods.  Under the ADA, ADEA, and Title VII, a claim must be filed with the EEOC in New York within 300 days of the alleged unlawful employment practice or discriminatory act.  *See* 42 U.S.C. § 2000e-5(e)(1); 42 U.S.C. § 12117(a); 29 U.S.C. § 624(d)(1); *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109-10 (2002) ("A party, therefore, must file a charge within either 180 or 300 days of the date of the act or lose the ability to recover for it."); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998).  A discrete retaliatory or discriminatory act occurs on the day that it actually happened, *Morgan*, 536 U.S. at 110, and accrues for statute of limitation purposes when the individual knows or should have known of the injury.  *See Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir. 1999).  In this case, Columbia's termination decision would be the last possible act upon which Davis could base his discrimination claims.  *See Elmenayer v. ABF Freight System, Inc.*, 318

F.3d 130, 134 (2d Cir. 2003) (noting that "termination" is an example of a discrete discriminatory act).

Plaintiff states in his Complaint that he was terminated on August 8, 2008, but all of the documentary evidence that may be considered on a motion to dismiss indicate that Davis was let go by Columbia on January 8, 2008.  Columbia's termination letter is dated January 8, *see* Hernandez Decl., Ex. B, Plaintiff claimed in his NLRB Charge that he was terminated on January 8, *see id.,* Ex. D, and again reiterated the January date in his EEOC Charge of Discrimination as the date discrimination took place, *see id.*, Ex. I.  Davis provides no support for the August date in the Complaint, and based on the uncontroverted documentary record, I must conclude that January 8, 2008 is the date Plaintiff was terminated and the starting point for measuring his time to file a charge with the EEOC.  300 days from the date Plaintiff received his termination letter is November 3, 2008.  Davis filed his formal Charge of Discrimination with the EEOC on December 11, 2008, which is 338 days after the date of discrimination, and on its face appears to mean that Plaintiff's discrimination and retaliation claims are untimely.

Plaintiff argues, however, that his EEOC claims should be deemed filed as of May 9, 2008, or at latest August 22, 2008, when Davis completed intake questionnaires for the EEOC.  In *Federal Express Corporation v. Holowecki*, the Supreme Court determined that a document filed with the EEOC constitutes a "charge" when, in addition to providing necessary information about the charged party like its name and a description of the discriminatory conduct, it can be "reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and employee."  552 U.S. 389, 402 (2008).  There, the Court determined that an intake questionnaire should typically be considered a pre-charge document given its cautionary language about "potential charges" and "pre-charge filing counseling."  *Id.* at 405 ("the agency is not required to treat every completed Intake Questionnaire as a charge").  However, because the respondent provided both identifying information in the questionnaire, and more importantly supplemented it with a "detailed six-page affidavit" that expressly asked the agency to act, in that instance it could be treated as a charge before the EEOC.  *Id.* at 405.  In this case, Davis submitted a letter with his May 9 intake questionnaire that stated "I have been wrongfully terminated … for racial discrimination and retaliation against my employer" and lays out specific factual details of his claim.  *See* Pl.'s. Ex. A.  While it is not quite as specific and direct as the sworn affidavit in *Holowecki*, read as a whole it is just sufficient to objectively demonstrate a request for the EEOC to act on his

4

discrimination claims.  *Holowecki*, 552 U.S. at 402.  Since these documents were filed before the 300 day deadline to bring a discrimination administrative action, this could save Davis' claims.[2]

However, while Plaintiff may have filed within the 300 day deadline to bring an EEOC claim based on his intake questionnaire materials, his discrimination claims are still time-barred because he did not bring a timely civil action.  Any suit for discrimination under Title VII, the ADEA, or the ADA must be filed within 90 days of receipt of a "Right to Sue" letter issued by the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); 29 U.S.C. § 626(e); *see also Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996).  Here, the EEOC Right to Sue Letter sent to Davis was dated as mailed on August 12, 2009.  *See* Hernandez Decl., Ex. J. A court may accept that this letter was mailed on the date listed, and may also assume that it was received three days after the mailing.  *See Sherlock*, 84 F.3d at 525-26; *Barbosa v. Continuum Health Partners, Inc.*, No. 09 Civ. 6572(SAS), 2010 WL 768888, at *3 (S.D.N.Y. Mar. 8, 2010). If, as can be presumed, Davis received his Right to Sue Letter by August 15, 2009, he needed to bring suit by November 13, 2009.  Plaintiff's complaint, however, was not filed until November 18, 2009 and is therefore five days past the statutory deadline.

The presumption that a Right to Sue Letter is received three days after it was mailed may be rebutted "[i]f a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its type-written date or that it took longer than three days to reach [him] by mail."  *Barbosa*, 2010 WL 768888, at *3 (quoting *Sherlock*, 84 F.3d at 526).  In *Barbosa*, the plaintiff claimed that "she was out of town" when the letter was supposedly sent, and did not actually receive the document until six days after it was mailed.  *Id.* at *3.  Judge Scheindlin determined that this "fails to rebut the presumption that the right-to-sue letter arrived … three days after the date on the letter" because she "does not offer any evidence that the letter was not mailed on [the date marked on the letter], nor does she offer any evidence that it did not arrive in her mailbox three days later."  *Id.* Almost identically, Plaintiff here claims in an affidavit filed with this Court that he was "on vacation visiting my brother in South Carolina" and did not receive the Right to Sue Letter until

---

[2] Defendant points out that *Holowecki* dealt only with claims brought under the ADEA, and that it does not and cannot apply to save Plaintiff's claims brought under the ADA or Title VII.  *See Holowecki*, 552 U.S. at 393 (noting that parties should take care to distinguish claims brought under these statutes since "enforcement mechanisms and statutory waiting periods … differ"); *see also Jordan v. Bates Adver. Holdings, Inc.* No. 96 Civ. 5851, 1999 WL 595669, at *2 (S.D.N.Y. Aug. 9, 1999) (determining that intake questionnaire may constitute charge under ADEA because statute does not require "formal sworn charge" unlike Title VII or ADEA).  Since all of the discrimination claims must otherwise be dismissed for failure to bring suit in a timely fashion, I need not resolve this issue.

he returned on August 21, 2009, six days after the presumed date of receipt and conveniently rendering the complaint timely by exactly one day.  *See* Davis Aff. ¶ 5.  Davis, like the plaintiff in *Barbosa*, provides no evidence or argument that would suggest the letter was either not mailed on the date claimed or not received in his mailbox three days later: "[he] merely claims that [he] was not there to retrieve it."  *Barbosa*, 2010 WL 768888, at *3.  Like Judge Scheindlin, I find this claim insufficient to rebut the presumption of receipt by August 15, 2009, which renders the complaint untimely.

Nor is Plaintiff's claim of being away on vacation sufficient to equitably toll the statute of limitations.  A court may consider equitable doctrines such as tolling or estoppel in a discrimination case to save a claim that appears to be time-barred, but "they are to be applied sparingly."  *See Morgan*, 536 U.S. at 113.  Equitable tolling is typically appropriate only where a party "(1) has acted with reasonable diligence during the time period []he seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *See Zerilli-Edelglass v. New York City Transit Auth.*, 33 F.3d 74, 80-81 (2d Cir. 2003).  Plaintiff here has shown neither.  Davis, like the plaintiff in *Barbosa*, had notice of his right to file suit once he received the Right to Sue Letter, and still had substantial time to bring suit before this Court, i.e. eighty-four days, but simply failed to do so.  *See Barbosa*, 2010 WL 768888, at *3. There are no allegations of misconduct or misrepresentation that might have misled Davis, and he is also represented by counsel who should be well-aware of the dangers of the somewhat short time frame to bring an employment discrimination action.  *See id.* (noting that plaintiff had adequate time, notice, and was represented by counsel).  Based on the present record, Plaintiff provides no information that would allow me to consider equitably tolling the time he had to file his complaint.  If Plaintiff is aware of information that would support equitable tolling, counsel may provide it in a motion to reconsider, and I may reevaluate my decision.  As it stands now, however, Davis' discrimination and retaliation claims under Title VII, the ADEA, and the ADA are untimely and must be dismissed.

### C.  Plaintiff's Common Law Claims Must Also Be Dismissed

Defendant also argues in its motion that Plaintiff's common law claims are time-barred or otherwise precluded by state and federal labor statutes.  Plaintiff did not raise any dispute whatsoever to these arguments in his opposition papers, focusing solely on the discrimination claims.  Absent any compelling argument to the contrary, Columbia has sufficiently

demonstrated that Davis' common law claims must be dismissed.  As explained in more detail in Defendant's brief, Davis' intentional infliction of emotional distress claim is time-barred by New York State's one-year statute of limitations.  *See Patterson v. Balsamico*, 440 F.3d 104, 112 n.4 (2d Cir. 2006) ("a claim for damages for intentional infliction of emotional distress is subject to the one-year statute of limitations"); *Hargett v. MTA*, 552 F. Supp. 2d 393, 399-400 (S.D.N.Y. 2008) (intentional infliction of emotional distress claim brought in discrimination case is time-barred by one-year limitations period).  Nor does Davis allege any facts that would indicate Columbia engaged in conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency ... in a civilized society" to make out a satisfactory claim for intentional infliction of emotional distress. *Chimarev v. TD Waterhouse Investor Servs., Inc.*, 99 Fed. Appx. 259, 262 (2d Cir. 2004).  Plaintiff's negligent infliction of emotional distress claim must be dismissed because it is barred by the New York State Worker's Compensation Law, which provides that "the liability of an employer prescribed by [the Law] shall be exclusive and in place of any other liability whatsoever, to such employee."  N.Y. WORKERS' COMP. LAW § 11; *see also Silberstein v. Advance Magazine Publishers, Inc.*, 988 F.Supp. 391, 394-95 (S.D.N.Y. 1997) ("In consequence, an employee may not sue his or her employer or co-employee for injury allegedly caused by negligent supervision."); *Duran v. Jamaica Hosp.*, 216 F.Supp.2d 63, 66 (E.D.N.Y. 2002) ("Sister courts have consistently interpreted this provision to bar negligence claims brought in federal court by an employee against an employer."); *Chrzanowski v. Lichtman*, 884 F.Supp. 751, 756 (W.D.N.Y. 1995) (claim for negligent infliction of emotional distress barred by statute).  Finally, Plaintiff's claims based on an alleged breach of the covenant of good faith and fair dealing must also be dismissed because it is preempted by the Labor Management Relations Act, 28 U.S.C. § 185(a), which governs disputes that arise from contracts between an employer and union, such as Davis' collective bargaining agreement. *See, e.g., Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 405-06 (1988) ("[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law ... is pre-empted ....").  "[T]he only contract that exists between plaintiff and defendants is the CBA and any implied obligation that may exist would be in aid of that agreement and would require interpretation of that agreement … Therefore, plaintiff's claim for breach of the implied covenant of good faith and fair dealing is pre-empted." *Allocco v. Dow Jones & Co.*, No. 02 Civ. 1029(LMM), 2002 WL 1402084, at *6 (S.D.N.Y. Jun. 27, 2002).

### III.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED.  The Clerk is instructed to close this case and remove it from my docket.

**SO ORDERED**
May **25**, 2010
**New York, New York**

Hon. Harold Baer, Jr.
U.S.D.J.